## HEUGATTER v. MARSHALL.
### No. 13043.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 20, 1934.

Rehearing Denied Feb. 24, 1934.

T. H. Yarbrough, of Bowie, for appellant.

Benson & Benson, of Bowie, for appellee.

LATTIMORE, Justice.

This is a contest of a common school district trustee election. Appellant was, on the date of election, April 1, 1933, a school trustee whose election term expired on that date. The school trustees posted the proper notices of the election and appointed three election judges, article 2745, R. S., as amended by Acts 1929 (2d Called Sess.), c. 2 (Vernon's Ann. Civ. St. art. 2745) and article 2746, R. S., one of whom was appellee. No person filed as a candidate as prescribed by article 2746a, R. S., but it was known for about two weeks before the election that appellee was "being run" for school trustee by some of the citizens of the district.

On the day of the election, the three judges met and named appellee "presiding judge" of the election, and he as such and the other two conducted the election. One of the other election judges wrote on a blackboard in the voting room the names of appellant and appellee as candidate to be voted upon. Appellee received 25 votes for the office and all others combined received 6. Appellee was duly certified as the elected trustee and took office promptly.

Many interesting questions suggest themselves, but we believe the facts render any decision of them unnecessary. We can see nothing illegal in the fact that appellee served as election judge. At least twenty days in advance he is appointed election judge; four or five days later a citizen suggests, wholly without his instigation as far as the records show, that he should be elected trustee. His name is not filed for the ballot. He cannot prevent his name being written into the ballot, as was done in each of the 25 votes he received. As an election official, he should not attempt to do so. The record is silent of any act of his in influencing voters during the election.

The writing of the names on the blackboard was improper, but we do not feel that there was anything vicious or depraved about it, nor is there any suggestion in the statement of facts that it had any effect on the casting of the ballots. Appellant's name was also written there. This did not excuse the other, but the results of the election suggest that such publication did not name the winner.

We confess to a wish that the decisions of this state had given more attention to the rights of the people who set up the government, and less to complaints of those who seek to become by election servants of that organized society; but such wish does not furnish us excuse to approve such a tempest in this teapot.

The judgment is affirmed.